STATE *ex rel.* LACY MAHON v. J. G. CARY, *et al.,* Board of County Commissioners, Duval County.

196 So. 694
Division A
Opinion Filed June 7, 1940

*Edgar W. Waybright, Sr.,* and *Roger J. Waybright,* for Plaintiff in Error;

*J. Henry Blount,* for Defendants in Error.

BUFORD, J.—On writ of error we review judgment in favor of the respondents in mandamus proceedings and dismissing alternative writ of mandamus at the cost of petitioner.

The petition shows, in short, that on October 30, 1939, plaintiff in error, Lacy Mahon, was Justice of the Peace in the Tenth Justice of the Peace District of Duval County, and Sarah Bryan was Justice of the Peace in the Ninth Justice of the Peace District in that County, the two districts being adjoining districts.

332

On that date one Andrew Clark was found dead in Justice Bryan's district. Justice Bryan was unable to view the body of Clark, and Justice Mahon proceeded to view the body of Clark, and issue death certificate thereon; Mahon did not summons a coroner's jury; the deceased was not attended by a physician in his last illness. Mahon proceeded no further, but in due course presented to defendants in error his bill for $3.20, $3.00 being his fee for viewing the Clark body and 20 cents being mileage.

Meanwhile Justice Bryan had summoned a coroner's jury and purported to hold an inquest, and was paid therefor by defendants in error.

Defendants in error refused to pay plaintiff in error, and plaintiff in error filed his petition for writ of mandamus. Alternative writ was issued and served, answer thereto filed, and motion for issuance of peremptory writ of mandamus notwithstanding the answer. No testimony was taken, of course. The court then made and entered its order or final judgment, in favor of defendants in error, and plaintiff in error came to this Court.

The disposition of this case rests on the construction of Sections 8519, 8520 and 8536 C. G. L., which are as follows:

(8519) "Justices of the peace, within their respective districts, shall hold inquests of the dead, and to that extent shall be deemed coroners. In case the justice of the district in which the death occurs shall be for any reason unable to hold an inquest, it shall be held by the county judge or by a justice of one of the adjoining districts of the county."

(8520) "Unless there shall appear to the satisfaction of the coroner, after considering the circumstances attending the cause of death, that he has good reason to believe that death was caused by the criminal act and negligence of another, no inquest shall be held nor shall any compen-

sation be allowed for a jury; and if in the opinion of the coroner an inquest ought to be held, he shall include the grounds for that opinion in the order for the jury."

(8536) "The compensation of judicial officers, when acting as coroners, shall be as follows: For viewing a dead body and issuing a death certificate, where coroner's jury is not summoned, and where the deceased was not attended by a physician in the last illness, three dollars; for summoning a jury, holding an inquest, and making return thereof, the same fees as provided by law for sheriffs and clerks of the circuit court for similar services, and five dollars per day and twenty-five cents per hundred words for testimony actually taken, reported and filed in the office of the clerk of the circuit court; and, where the coroners are required to travel, ten cents per mile going and returning to his office or residence, as the case may be, for mileage actually traveled by the nearest and most practical route; all compensation to be paid by the county."

Our construction of Section 8519, *supra,* is that that statute authorizes the justice of the peace in an adjoining district to act in lieu of a resident justice of the peace in performing the duties of coroner where the resident justice of the peace for any reason could not act in that capacity. The first duty of a justice of the peace acting as coroner is to go to the scene where the dead body lies and view the body. This must be the first official step in the performance of his duty as a coroner. Next, under Section 8520, the coroner must determine whether or not he has good reason to believe that the death was caused by the criminal act or negligence of another and, if he determines from consideration of the circumstances attending the cause of death that there is no good reason to believe that the death was caused by the criminal act or negligence of another, then he shall

334

issue his certificate of the cause of death and shall not proceed with inquest. If he determines that the death was caused by the criminal act or negligence of another then he shall summons a jury and shall include grounds upon which he bases his opinion that death was so caused in the order for the jury.

Section 8536, *supra,* provides the compensation for judicial officers when acting as coroners and that section clearly contemplates two different courses of procedure. For viewing the body and issuing death certificate only, he is entitled to $3.00 and the mileage designated. But where the coroner finds it necessary to summons a jury then for summonsing the jury, holding an inquest and making return thereon, he is allowed the same fees as are provided by law for sheriffs, clerks of the circuit court for similar services and $5.00 per day and twenty-five cents per one-hundred words of testimony actually taken, reported and filed in the office of the clerk of the circuit court.

Our conclusion is that under the allegations of the alternative writ which are admitted by the answer, the relator was entitled to the peremptory writ notwithstanding the answer.

The judgment is therefore reversed and the cause remanded for further proceedings.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.